ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **MANOR CONTRACTORS INC.**<br><br>Recurrido<br><br>v.<br><br>**CONSEJO DE TITULARES DEL CONDOMINIO ARMONÍA EN LOS PRADOS DE CAGUAS, Vía su Junta de Directores**<br><br>Peticionarios | KLCE202400854 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.: **CG2024CV00808**<br><br>Sobre: Cobro de Dinero Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2024.

Comparece ante nos, mediante recurso de *Certiorari Civil* y sin someterse a la jurisdicción del Tribunal, el Consejo de Titulares del Condominio Armonía en los Prados (Consejo de Titulares o Peticionaria). Mediante dicha comparecencia, solicita la revisión de la *Orden* dictada el 2 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI)[1] en la que el TPI declaró No Ha Lugar a la *Moción de Desestimación por Insuficiencia de Emplazamiento* (*Moción de Desestimación*)[2] presentada por la Peticionaria.

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto de certiorari y devolvemos el caso al TPI para que continúen los procedimientos.

---

[1] Apéndice de *Certiorari Civil*, Anejo I, pág. 1. Notificado y archivado en autos el 8 de julio de 2024.
[2] *Íd.*, Anejo II, págs. 2-6.

**I.**

El 8 de marzo de 2024, Manor Contractors, Inc. (Manor o Recurrido) presentó una *Demanda* ante el TPI, alegando incumplimiento de contrato y daños en contra del Consejo de Titulares.[3] En síntesis, alegó que las partes subscribieron un contrato válido para la impermeabilización del techo del Condominio Armonía en los Prados.[4] Alegadamente, dicho contrato incluyó el precio del trabajo, las etapas (I-VII) en las que se estarían realizando los trabajos y sus costos correspondientes.[5] Según la *Demanda*, no obstante que las Etapas I y II fueron culminadas y pagadas, y las Etapas III, IV y VII igualmente terminadas, estando la Etapa V iniciada, el Consejo de Titulares ordenó, unilateralmente, la suspensión de los trabajos.[6] Manor señaló que al suspenderse las operaciones, también se suspendieron los pagos correspondientes, por lo que el Consejo de Titulares le debía $99,291.46 por los trabajos realizados.[7] Además, alegó daños por el incumplimiento contractual, estimados en $50,000.00 y $20,000.00 en honorarios por la Peticionaria haber procedido con temeridad.[8]

Ese mismo día, el TPI expidió el *Emplazamiento*.[9] El 13 de marzo de 2024, el señor Miguel Hernández, emplazador de la parte peticionaria, certificó haber diligenciado el emplazamiento a la señora Shaddan Esterás, secretaria de la Junta de Directores, en la Oficina Administrativa del Condominio Armonía en los Prados.[10] El 1 de julio de 2024, el Consejo de Titulares presentó, sin someterse a la jurisdicción del TPI, la *Moción de Desestimación* por falta de jurisdicción sobre la persona, al diligenciamiento no haberse

---

[3] *Íd.*, Anejo III, págs. 7-11.
[4] *Íd.*, pág. 8.
[5] *Íd.*, págs. 8-9.
[6] *Íd.*
[7] *Íd.*, pág. 11.
[8] *Íd.*
[9] *Íd.*, págs. 12-14.
[10] *Íd.*, Anejo IV, págs. 15-17.

realizado conforme a la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, y el Artículo 54 de la *Ley de Condominios de Puerto Rico*, Ley Núm. 129-2020, según enmendada. 31 LPRA sec. 1922z (Ley de Condominios).[11] Arguyó que, en el caso de autos, el emplazamiento debió "ser realizado entregando copia del emplazamiento a un oficial, gerente administrativo, agente general o cualquier otro agente autorizado por nombramiento o designado por ley para [recibirlo]".[12] Concluyó que el emplazamiento debió ser entregado al señor Alberto Icazatti, presidente de la Junta de Directores, y no a la Secretaria, como lo hizo el Sr. Hernández.

El 2 de julio de 2024, Manor se opuso, arguyendo que la Sra. Esterás, siendo secretaria de la Junta de Directores, tenía la capacidad para recibir el emplazamiento.[13] Ese mismo día, el TPI dictó su *Orden* denegando la *Moción de Desestimación*.

Inconforme con aquella determinación, el 7 de agosto de 2024, el Consejo de Titulares presentó el recurso ante nuestra consideración. En el mismo. Presentó los siguientes señalamientos de error:

> **PRIMER ERROR: AL DILIGENCIAR LA ENTREGA DE UNA DEMANDA EN UNA PERSONA DISTINTA A LA DESIGNADA POR LA LEY DE CONDOMINIOS – Y DISTINTA A LA NOMBRADA EN EL PROPIO EMPLAZAMIENTO – INCUMPLIÓ LA PARTE RECURRIDA CON LA REGLA 4.4(e) DE PROCEDIMIENTO CIVIL Y EL ARTÍCULO 54 DE LA LEY DE CONDOMINIOS DE PUERTO RICO, PRIVANDO AL TRIBUNAL DE LA JURISDICCIÓN SOBRE LA PARTE RECURRIDA Y VULNERANDO SU DERECHO AL DEBIDO PROCESO. EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN POR INSUFICIENCIA DEL DILIGENCIAMIENTO DEL EMPLAZAMIENTO.**

> **SEGUNDO ERROR: EL TRIBUNAL DE PRIMERA INSTANCIA NO CONSIDERÓ LA SUPREMACÍA DE LA LEY DE CONDOMINIOS DE PUERTO RICO SOBRE LA REGLA 4.4 DE PROCEDIMIENTO CIVIL. LA LEY ESTABLECE QUE EL PRESIDENTE DE LA JUNTA DE DIRECTORES DEBE RECIBIR EL EMPLAZAMIENTO,**

---

[11] *Íd.*, Anejo II, págs. 2-6.
[12] *Íd.*, pág. 5.
[13] *Íd.*, Anejo V, págs. 18-19.

**LO CUAL NO SE RESPETÓ. ESTA OMISIÓN RESULTA EN UN ERROR DE INTERPRETACIÓN QUE DEBE SER CORREGIDO POR UN FORO SUPERIOR PARA ASEGURAR LA CORRECTA APLICACIÓN DE LA LEY.**

**II.**

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la

Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Deberá evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. Reglas de Procedimiento Civil, *supra*, R. 52.1.

### III.

Tras un análisis completo del expediente al amparo de la Regla 52.1 de Procedimiento Civil, *Íd.*, y de la Regla 40 de este Tribunal, *supra*, no vemos razón para ejercer nuestra discreción para expedir el auto solicitado. La determinación de la cual se recurre no adolece de error de hecho o derecho que amerite nuestra intervención.

### IV.

Por los fundamentos discutidos, denegamos expedir el auto de certiorari. Se devuelve el caso para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones